UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

R&R Auction Company, LLC

    v.                                      Civil No. 19-cv-485-JD
                                              Opinion No. 2019 DNH 143

Todd Mueller

O R D E R

R&R Auction, LLC brought suit against Todd Mueller, seeking a declaratory judgment that Mueller is obligated under the parties' Auction Consignment Agreement to indemnify R&R Auction for costs and fees incurred in litigation involving Mueller and other parties. R&R Auction also brings a claim for "Express Indemnity." Mueller moves for judgment on the pleadings, and R&R Auction objects.

Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is addressed under the standard for a motion to dismiss under Rule 12(b)(6). Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). The court takes the plaintiff's factual allegations as true and draws reasonable inferences in the plaintiff's favor. Kando v. R.I. State Bd. Of Elections, 880 F.3d 53, 58 (1st Cir. 2018). Legal conclusions are not credited. Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d

134, 140 (1st Cir. 2016). Taken in that light, the complaint must provide facts to support a claim that "is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Doe v. Brown Univ., 896 F.3d 127, 130 (1st Cir. 2018).

Background

In the complaint, R&R Auction alleges that it is an auction house located in New Hampshire that conducts live and on-line auctions, specializing in auctions of autographed memorabilia. Mueller and R&R Auction entered into the Auction Consignment Agreement ("Agreement") in November of 2010. Either then or at another time, Mueller attempted to consign items to R&R Auction that R&R Auction rejected because it could not verify the authenticity of the items.

Mueller and his company, Todd Mueller Autographs LLC, brought suit against R&R Auction, and others, in the Superior Court of the State of California in April of 2016. Mueller alleged claims of intentional interference with prospective economic advantage, violation of California Business and Professional Code § 17200, and conspiracy to commit trade libel. The claims arose from disputes between Mueller and R&R Auction, and others, about the authenticity or value of Mueller's items.

On the same day, Nelson Deedle and his company, Iconographs, Inc., also brought suit against R&R Auctions, and

2

others, in California.  Deedle and his company alleged the same claims that were brought by Mueller based on allegations that R&R Auction wrongfully refused to accept items from Deedle, falsely claiming the items were not authentic.  Deedle alleged that R&R Auction rejected the items because of Deedle's relationship with Mueller.

R&R Auction resolved Deedle's claims on March 7, 2019, although it apparently has not yet been dismissed from the action.  R&R Auction alleges that Mueller dismissed it from Mueller's suit on April 3, but then moved to set aside the dismissal.  Counsel for R&R Auction appended to its objection an order by the California court in Mueller's case.[1]  In the order, the court granted another defendant's motion to terminate sanctions and also dismissed Mueller's complaint with prejudice because Mueller threatened to kill a witness, which resulted in a civil harassment restraining order, threatened a court officer, and willfully violated multiple discovery orders.

R&R Auction alleges that it has incurred $250,000 in attorneys' fees and costs in litigating the Mueller and Deedle suits.  R&R Auction further alleges that the Agreement with Mueller provides for reimbursement and indemnification for those

---

[1] The court issued "Tentative Rulings" on August 19, 2019, which apparently became orders of the court on August 22, 2019.

fees and costs. Mueller has refused to indemnify or reimburse R&R Auction.

## Discussion

In Count I of the complaint, R&R Auction seeks a declaratory judgment that Mueller is obligated under the terms of the Agreement to indemnify and reimburse R&R Auction for its fees and costs incurred in the California suits. In Count II, titled "Express Indemnity," R&R Auction alleges that Mueller breached the Agreement by failing to indemnify and reimburse R&R Auction for those fees and costs. Mueller moves for judgment on the pleadings on both of R&R Auction's claims, arguing that the Agreement does not provide for reimbursement or indemnification to R&R Auction for the fees and costs incurred in the California suits. R&R Auction objects.

### A. Auction Consignment Agreement

The Agreement includes information at the top that was filled in by hand. Todd Mueller is identified as Consignor #1101, with a Colorado Springs, Colorado, address. The first paragraph of the Agreement states that R&R Auction agrees to act as Mueller's agent "in the sale of the property listed on the Auction Consignment Listing. You commission us to sell your

items to the highest bidder in our monthly telephone and internet auction." Doc. no. 1-1, at *2.

The other paragraphs provide terms and conditions for the consignment and sale of items. The Agreement includes a statement that it is to be signed and returned with the consignment. It was signed by Mue-ller and by someone on behalf of R&R Auction on November 5, 2010. The Auction Consignment List was not filed with the Agreement.[2]

B. <u>Interpretation of the Agreement</u>

In support of its claims, R&R Auction relies on paragraph 2 of the Agreement that provides as follows:

> 2. You certify that you are the owner, have good title to, or have been given the right to sell these items, and that they are authentic to the best of your knowledge. If, in the sole opinion of RRAuction, authenticity of the consigned material and/or its ownership is unclear or in dispute, you will indemnify both RRAuction and the buyer of said material and hold them harmless. You shall also reimburse RRAuction for any and all attorneys' fees and costs associated with defending any claim or action pertaining to ownership or authenticity. (RRAuction reserves the right to disclose the identity of the consignor in the event of a question of ownership.) Should a sold item be returned to RRAuction due to the question of

---

[2] In its objection to Mueller's motion, R&R Auction challenges Mueller's point that R&R Auction did not name the consigned items that were at issue in the California suits. R&R Auction accuses Mueller of failing to provide that information in discovery in the California suits. Nevertheless, the Agreement appears to pertain to a list of items that, presumably, R&R Auction would have, and R&R Auction would also know which of those items were subject to authenticity or ownership disputes.

> proper title and/or doubtful authenticity (final decision of authenticity to be determined by RRAuction), you agree to reimburse RRAuction the proceeds you were previously paid for the sale of that item. This stipulation of reimbursement is without time limit.

Id.

Mueller contends that the indemnification and reimbursement provisions in paragraph 2, by their terms, do not apply to the California suits. In response, R&R Auction argues that the provisions do apply or that the provisions are at least ambiguous.

Because the parties dispute the meaning of the provisions in paragraph 2, it is necessary to construe their meaning to determine the viability of R&R Auction's claims. The Agreement provides, and the parties do not dispute, that it is governed by New Hampshire law.

Under New Hampshire law, the meaning of a written agreement is a question of law for the court to determine. Holloway Auto. Gr. v. Giacalone, 169 N.H. 623, 628 (2017). The court gives "the language used by the parties its reasonable meaning, reading the document as a whole, and considering the circumstances and the context in which the agreement was negotiated." Id. "The language of a contract is ambiguous if the parties to the contract could reasonably disagree as to the meaning of that language." Found. for Seacoast Health v. Hosp. Corp. of Am., 165 N.H. 168, 172 (2013). Whether an agreement is

ambiguous is also a question of law for the court to determine. Birch Broad., Inc. v. Capitol Broad. Corp., 161 N.H. 192, 196 (2010).

Indemnity agreements are construed under the same general standard as all contracts.[3]  Kessler v. Gleich, 161 N.H. 104, 108 (2010).  In addition, however, "the right to indemnity is determined by the specific terms of the contract for indemnity." Gray v. Leisure Life Indus., 165 N.H. 324, 328 (2013). Indemnity agreements are construed strictly and cannot be broadened based on equitable considerations.  Id.

R&R Auction relies on the following language, which are two provisions in paragraph 2, to support its claims:

(1) If, in the sole opinion of R&R Auction, authenticity of the consigned material and/or its ownership is unclear or in dispute, you will indemnify both RRAuction and the buyer of said material and hold them harmless.

(2) You shall also reimburse RRAuction for any and all attorneys' fees and costs associated with defending any claim or action pertaining to ownership or authenticity.  Mueller construes the two provisions together.

---

[3] Although R&R Auction characterizes the first provision as an indemnity obligation and the second provision as a reimbursement obligation, it did not provide any authority to suggest that the provisions would be construed under different standards.

1. First Provision

In support of his motion for judgment on the pleadings, Mueller contends that the duty to indemnify described in both the first and second provisions arises only in the situation when an item is consigned and then sold, the buyer disputes the item's ownership or authenticity, and R&R Auction incurs fees and costs in defending the buyer's suit. Because those were not the circumstances in the California suits, Mueller contends the indemnification duty does not apply. Mueller also argues that first-party indemnity must be unmistakably clear.

R&R Auction objects to Mueller's interpretation. It argues that the first provision provides indemnification for costs incurred due to claims brought by anyone against R&R Auction that arise from forged, counterfeit, or stolen property. The claims, R&R Auction contends, may be for "copyright or trademark infringement, unfair trade practices, false advertising, and the like." Doc. no 18, at *10. R&R Auction interprets the provision to apply in any case that involves a dispute over Mueller's consigned material and not to be limited to circumstances when the consigned material is sold.

R&R Auction's broad interpretation of the first provision goes far beyond the specific language used in the Agreement. It also ignores the limitation in the provision to circumstances that involve a buyer of Mueller's consigned materials. Because

8

indemnification agreements must be strictly construed, R&R Auction's interpretation is not reasonable.

Contrary to R&R Auction's broad reading of the provision, its plain meaning is much more specific, although not as limited as that suggested by Mueller. Taking the indemnification provision in the context of the Agreement as a whole, it applies to "these items," which are the items listed on the Auction Consignment Listing, as referenced in paragraph 1. Paragraph 2 continues on, after provisions 1 and 2, to state that Mueller also agrees to reimburse R&R Auction for the proceeds he was paid for the sale of any item that is returned to R&R Auction because of questions about title or authenticity.

The indemnification obligation in provision 1 arises when two conditions are met. First, there is a buyer for one or more item consigned by Mueller to R&R Auction that is listed in the Auction Consignment Listing. Second, the authenticity or ownership of that consigned item or items is unclear or disputed. When those conditions are met, Mueller would be obligated to indemnify and hold harmless both R&R Auction and the buyer of the consigned item or items for liability incurred because the authenticity or ownership of the consigned material was unclear or disputed.[4]

---

[4] While the first provision requires a buyer for the consigned item or items, it does not include a requirement that

2. Second Provision

The second provision states: "You shall also reimburse RRAuction for any and all attorneys' fees and costs associated with defending any claim or action pertaining to ownership or authenticity." Mueller does not differentiate the reimbursement obligation from the indemnification obligation, arguing that both require a sale to a buyer, dispute over authenticity or ownership, and incurred fees and costs. Mueller also argues that a provision for an award of attorneys' fees must be "unmistakably clear," citing [Kessler, 161 N.H. at 111](Kessler).

R&R Auction contends that the second provision is an additional "stand alone" obligation that is separate from the first provision. In support, it argues that the use of the word "also" shows that reimbursement for fees and costs is intended to be in addition to the indemnification obligation. R&R Auction also argues that "any claim or action" broadens its application beyond the liability associated with buyers in the first provision. Based on those observations, R&R contends that the second provision requires reimbursement to it for defending

---

the consigned materials must be sold before the indemnification obligation arises. For example, R&R Auction might incur liability to a buyer even though a sale is never consummated or is cancelled or voided because of a dispute about authenticity or ownership.

10

any claim pertaining to authenticity or ownership regardless of who brings the claim and whether or not an item was sold.

Provision 2 imposes a reimbursement obligation for fees and costs incurred by R&R Auction in defending any claim or action pertaining to ownership or authenticity of items consigned by Mueller and listed on the Auction Consignment Listing. The reimbursement obligation is not expressly limited to a claim or action brought by a buyer. The obligation, however, is limited to claims or actions brought against R&R Auction in which the plaintiff disputes the ownership or authenticity of an item consigned by Mueller and listed in the Auction Consignment Listing. Taken in the context of the agreement as a whole, including the requirement that Mueller certify his good title and the authenticity of the items, the reimbursement obligation arises with respect to claims and actions brought by someone other than Mueller who disputes the ownership or authenticity of the items Mueller consigned.

C. Claims

In both the declaratory judgment and breach of contract claims, R&R Auction alleges that Mueller breached the Agreement by failing to indemnify and reimburse it for the costs and fees incurred in the California suits. Mueller moves for judgment on the pleadings on the ground that the Agreement does not require

11

him to provide indemnification or reimbursement for those costs and fees.

As alleged by R&R Auction in the complaint, the California suits involved claims by Mueller and Deedle against R&R Auction, and others. Because neither Mueller nor Deedle, nor their companies, was a buyer of the items Mueller consigned under the Agreement, the first provision does not apply to the fees and costs incurred in the California suits.

Mueller and Deedle claimed that the defendants, including R&R Auction, intentionally interfered with the plaintiffs' prospective economic advantage, engaged in unlawful or unfair business practices, and conspired to commit trade libel, which involves false, disparaging, and defamatory statements.[5] R&R Auction further alleges that Mueller's claims were based on allegations that R&R Auction wrongfully rejected or disparaged his items as inauthentic. Deedle alleged that R&R Auction

---

[5] R&R Auction did not submit copies of the complaints filed in the California suits or other pleadings or filings to provide any detail about the claims made there. The only decisions from the cases available on Westlaw are two unpublished and uncitable decisions by the Court of Appeal on the defendants' anti-SLAPP motion, Deedle v. Collectors Universe, Inc., 2017 WL 6379941 (Cal. Ct. App. Dec. 14, 2017), and Mueller v. Collectors Universe, Inc., 2017 WL 6379940 (Cal. Ct. App. Dec. 14, 2017). Those opinions explain that the suits allege that the defendants, including R&R Auctions, conspired to remove Deedle's company and Mueller and his company from the business of buying and selling memorabilia by improperly refusing to authenticate their items.

12

wrongfully refused to accept items for consignment from him based on false claims that the items were not authentic and based on his relationship with Mueller. Deedle also alleged that he lost business from Mueller because R&R Auction improperly rejected items he provided to Mueller to be consigned to R&R Auction.

The reimbursement obligation in provision 2 does not apply to Mueller. The claims alleged by Deedle and his company do not challenge the ownership or authenticity of the items Mueller consigned under the Agreement. Instead, as alleged by R&R Auction, Deedle alleges that his business opportunities were harmed because R&R Auction would not do business with him. To the extent Deedle alleged that R&R Auction's actions arose from concerns about its dealings with Mueller, including the ownership or authenticity of items he consigned to R&R Auction, that connection is far too attenuated to fall within the reimbursement obligation.

Therefore, the California suits do not trigger the duty to indemnify under the first provision or the duty to reimburse fees and costs under the second provision.

## Conclusion

For the foregoing reasons, Mueller's motion for judgment on the pleadings (document no. 17) is granted.

R&R Auction's claims against Mueller are dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 3, 2019

cc: Counsel of Record